Alice N. BROCHNER, Independent Administratrix of the Estate of Ruben Brochner, Relator,

v.

Hon. William A. THOMAS, Jr., Judge, Respondent.

Cathy TYLER et vir. Gary Tyler, Relators,

v.

Hon. Jorge A. SOLIS and Hon. Bill Thomas, Judges, Respondents.

TEXAS STATE BOARD OF MEDICAL EXAMINERS, Relator,

v.

Hon. William A. THOMAS, Judge, Respondent.

Nos. 11–89–300–CV, 11–89–301–CV and 11–89–303–CV.

Court of Appeals of Texas, Eastland.

June 7, 1990.

John H. Cayce, Jr., Shannon, Garcey, Ratliff & Miller, Fort Worth, James H. Holmes, III, Joann Wilkins, Burford & Ryburn, Dallas, J.M. Lee, Law Office of J.M. Lee, Fort Worth, for relators.

Dwight Martin, Asst. Atty. Gen., Austin, Frank D. Scarborough, Glandon, Erwin, Scarborough, Baker & Choate, Abilene, David J. Nagle, David Nagle & Associates, P.C., Austin, for respondents.

## OPINION

PER CURIAM.

These are original proceedings in mandamus arising from a medical malpractice suit. In September of 1986, Dr. Ruben Brochner diagnosed Cathy Tyler's back pain as a herniated nucleus pulposus and performed a lumbar laminectomy. Dr. Brochner committed suicide in January of 1987. At the time of his death, the Texas State Board of Medical Examiners was investigating Dr. Brochner. In 1988, Mrs. Tyler and her husband, Gary Tyler, sued Alice N. Brochner as independent administratrix of the estate of Dr. Ruben Brochner, deceased, and Hendrick Medical Center, Inc. along with other parties not involved in the present proceedings. The Tylers alleged that Dr. Brochner was negligent in the diagnosis and the treatment of Mrs. Tyler and that Hendrick failed to discharge its duty to Mrs. Tyler by failing to control the actions of Dr. Brochner who the Tylers contend was not reasonably competent to fulfill the role of neurosurgeon. The Tylers sought discovery of various files of the Board and of Hendricks. After several hearings, the trial court entered an

order addressing the discovery matters on November 28, 1989. Mrs. Brochner (Cause No. 11–89–300–CV), the Tylers (Cause No. 11–89–301–CV), and the Texas State Board of Medical Examiners (Cause No. 11–89–303–CV) have each brought mandamus proceedings challenging the November 28 order.

In the November 28 order, the trial court held that the following documents or groups of documents were privileged: (1) documents from Hendrick's Peer Review Committee, Peer Review Ad Hoc Committee, and Credentials Committee; (2) correspondence between Hendrick and its counsel concerning Dr. Brochner; (3) portions of the Board's licensing files and investigative files on Dr. Brochner; (4) documents from the Board produced at Mrs. Brochner's deposition; (5) medical information from physicians who examined Dr. Brochner; and (6) correspondence between counsel for Mrs. Brochner and an insurance company. The order held that the following documents were not privileged: (1) Dr. Brochner's handwritten statement entitled "Texas State Board of Medical Examiners, State of Texas, Voluntary Statement;" (2) Dr. Pete C. Palasota's report to Dr. G.V. Brindley, Jr., Executive Director of the Board; (3) Dr. Palasota's notes on which he based his report to the Board; (4, 5, & 6) three reports concerning the Board's investigation of Dr. Brochner from Board investigators to the Board's Executive Director; (7 & 8) two recommendation reports from Board investigators to the Executive Director and to legal counsel for the Board; and (9) a memo concerning telephone conversations between two Board investigators and a doctor who practiced with Dr. Brochner.

The Tylers challenge the order insofar as it holds that any of these documents are privileged. Mrs. Brochner challenges the holding that three documents are not privileged. The Board contends that all documents held not privileged are in fact privileged.

A writ of mandamus is an extraordinary remedy and will only issue to correct a clear abuse of discretion or the violation of a duty imposed by law when no other adequate remedy at law exists. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985); *State v. Walker,* 679 S.W.2d 484 (Tex.1984); *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984); *State Bar of Texas v. Heard,* 603 S.W.2d 829 (Tex.1980). In order to obtain a writ of mandamus, the relator must establish that the facts and the law before the trial court were such that the circumstances permitted the trial court to make but one decision. *Johnson v. Fourth Court of Appeals, supra.*

*Mrs. Brochner's and the Board's Petitions*

Mrs. Brochner seeks a writ of mandamus to compel the trial court to find Hearing Exhibits Nos. 1 through 3 are privileged. The Board seeks a writ of mandamus to compel the trial court to hold not only Hearing Exhibits Nos. 1 through 3 but also Hearing Exhibits Nos. 4 through 9 are privileged. Mrs. Brochner and the Board argue that the trial court abused its discretion. We agree.

Under the Texas Medical Practice Act, TEX.REV.CIV.STAT.ANN. art. 4495b (Vernon Supp.1990), records and reports received, maintained, or developed by the Board are not subject to discovery. Section 5.06(s)(3) provides that:

> In no event may records and reports disclosed pursuant to this article by the board to others, or reports and records received, maintained, or developed by the board, by a medical peer review committee, or by a member of such a committee, or by a health-care entity be available for discovery or court subpoena or introduced into evidence in a medical professional liability suit arising out of the provision of or failure to provide medical or health-care services, or in any other action for damages.

Dr. Brochner's voluntary statement to the Board (Exhibit No. 1); Dr. Palasota's report to the Board (Exhibit No. 2); the three reports by Board investigators (Exhibits Nos. 6, 8, and 9); the two recommendation reports from Board investigators

(Exhibits Nos. 5 and 7); and the memo addressing phone calls between the Board and Dr. Brochner's partner (Exhibit No. 4) are privileged under Sections 5.06(s)(3). We disagree with the Tylers' argument that, because Dr. Brochner gave a statement to the Board and because a copy of Dr. Palasota's report to the Board was mailed to the insurance company, any privilege has been waived. Under the terms of the statute, the privilege belongs to the Board, and there is no provision for waiver of the Board's privilege by other parties.

Dr. Palasota's notes (Exhibit No. 3) from his examination of Dr. Brochner are privileged under TEX.R.CIV.EVID. 509. Rule 509(c)(1) provides that the privilege may be claimed by a representative of the patient. We disagree with the Tylers' argument that Dr. Brochner's statement to the Board and his death waived any privilege under Rule 509. Further, the exception under Rule 509(d)(1) is not applicable. The privilege is being claimed by Dr. Brochner's estate because Dr. Brochner was the patient.

Mrs. Brochner and the Board have established that the trial court abused its discretion by ordering Hearing Exhibits Nos. 1 through 9 discoverable. Writs of Mandamus are conditionally granted.

### The Tylers' Petition

■ The Tylers seek a writ of mandamus to compel the trial court to hold that all documents declared privileged in the November 28 order are, in fact, discoverable. The six groups of documents involved in the Tylers' petition are: (1) documents from Hendrick's Peer Review Committee, Peer Review Ad Hoc Committee, and Credentials Committee; (2) correspondence between Hendrick and its counsel; (3) portions of the Board's licensing files and investigative files; (4) Board documents produced at Mrs. Brochner's deposition; (5) medical information from physicians who examined Dr. Brochner; and (6) correspondence between counsel for Mrs. Brochner and the insurance company. The Tylers argue that:

The Trial Court's action effectively prevents Relators from proving material allegations of their lawsuit.... Requiring Relators to try their lawsuit, debilitated by the denial of Discovery, only to have that lawsuit rendered a certain nullity on appeal, is not a remedy which is equally convenient, beneficial and effective as a Mandamus.

The Supreme Court recently stated in *Pope v. Stephenson and Moore Transportation Co., Inc.*, 787 S.W.2d 953 (Tex.1990):

We disapprove, however, of the apparent suggestion in the appellate court's opinion that mandamus is the "timely" remedy for any wrongful denial of discovery. [*Pope v. Stephenson, Moore Transportation, Inc.*], 774 S.W.2d [743] at 745 [ (Tex.App.1989) ]. The decision not to pursue the extraordinary remedy of mandamus does not prejudice or waive a party's right to complain on appeal.[1] In most cases, the contents of the documents which have been protected must be available in order to determine whether the error has "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment...." Tex.R.App.P. 81(b)(1). The burden is on the complaining party to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d). Therefore, if documents have been submitted for *in camera* inspection, the complaining party must request that the exhibits be carried forward under seal so that the appellate court can evaluate this information. (Emphasis in original)

The Supreme Court further stated in Footnote No. 1 that:

We also disapprove of similar language in *Caudillo v. Chiuminatto*, 741 S.W.2d 545, 546 (Tex.App.—Corpus Christi 1987, no writ), which states that mandamus is the "only remedy" available to a party who has been denied discovery of properly discoverable information.

While they argue that mandamus is the most convenient remedy, the Tylers have

not established that the trial court abused its discretion in refusing discovery as to the documents which they seek or that mandamus is the proper remedy in the present case. Therefore, the Tylers' petition for writ of mandamus is denied.

The petitions for writ of mandamus in Cause Nos. 11–89–300–CV and 11–89–303–CV are conditionally granted. In the event that the trial court does not order Hearing Exhibits Nos. 1 through 9 privileged, writs of mandamus shall issue. The petition for writ of mandamus in Cause No. 11–89–301–CV is denied.