John OWENS, d/b/a Southwestern Pools, Relator,

v.

The Honorable Tommy W. WALLACE, Judge, 294th Judicial District Court of Wood County, Texas, Respondent.

No. 12–91–00294–CV.

Court of Appeals of Texas, Tyler.

Jan. 23, 1992.

Bill Rosenstein, Tyler, for relator.

G. Timothy Boswell, Mineola, for respondent.

### PER CURIAM.

Vince Colvin and his wife, Sandy Colvin, the real parties in interest (hereinafter "the plaintiff"), sued relator, John Owens, (hereinafter "the defendant") for damages allegedly relating to Owens' construction of a swimming pool for the plaintiff. Defendant served his first set of interrogatories on the plaintiff. A copy of the interrogatories is attached to this opinion as Appendix A. In response, the plaintiff filed objections to the interrogatories asserting that: (1) the set of interrogatories called for more than thirty answers; (2) interrogatories numbers 3, 5, 7, 8, 9, 10, 11, and 12 exceeded the permissible scope of discovery, asked for work product of their attorney, and invaded the attorney/client privilege; and (3) that interrogatory number 28 exceeded the scope of discovery and "specifically violates subsection 3(b)" of Rule 166b. The defendant requested a hearing on the objections. The trial court held a hearing at which no evidence was produced. Thereafter, the trial court

signed an order stating "that Plaintiffs' Objections to Defendant's First Set of Interrogatories are hereby sustained."

The defendant now comes before this Court asserting that the trial court abused its discretion in sustaining the plaintiffs' objections. He contends that since the plaintiffs put on no evidence to support their objections to numbers 3, 5, 7, 8, 9, 10, 11, and 12—that the information requested was protected by the work product privilege, the attorney client privilege and were beyond the scope of discovery—the trial court abused its discretion in sustaining those objections. The plaintiffs respond that the privileged nature of the information sought by those interrogatories is apparent from the face of the interrogatories and therefore, no evidence was necessary to support the trial court's action of sustaining the objections.

■ Six of those interrogatories, numbers 3, 5, 7, 8, 9 and 10, asked the plaintiffs to "state each and every fact upon which you intend to rely" in proving various allegations in their petition. The remaining two, numbers 11 and 12, are phrased in terms of steps or actions the plaintiffs claim someone should have taken and contend caused the defect. At oral argument, plaintiffs' counsel conceded that the objection as to those two interrogatories was probably not legitimate. We agree. The objection stated in response to the interrogatories did not apply. Therefore, the trial court abused his discretion in sustaining those objections to interrogatories 11 and 12.

The remaining dispute centers on the "intend to rely" language employed by the defendant. The plaintiffs argue, that on its face this inquiry seeks to discover their attorney's trial strategy and therefore, is not discoverable under the work product privilege and the attorney/client privilege. The plaintiffs have not cited any authority in support of this position. Apart from the bald assertion of the attorney/client privilege below, the plaintiffs advance no argument in support of that claim in this Court.

■ The two privileges protect different types of material. The work product privilege found in TEX.R.CIV.P. 166b, subd.

3, par. a. protects from discovery the mental impressions, conclusions, opinions, or legal theories prepared and assembled by the attorney in actual preparation for trial. *Axelson, Inc. v. McIlhany*, 755 S.W.2d 170, 173 (Tex.App.—Amarillo 1988) (orig. proceeding). The purpose is to protect the attorney's mental impressions and strategy, not to prevent disclosure of the facts of the case. *Leede Oil and Gas, Inc. v. McCorkle*, 789 S.W.2d 686, 687 (Tex.App.—Houston [1st Dist.] 1990) (orig. proceeding).

The attorney/client privilege is codified at TEX.R.CIV.EVID. 503, as follows:

a client has the privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client: (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer, or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

A "confidential communication" is one "not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication."

From the context and argument made by the plaintiffs below and in this Court, it is clear that the crux of their objection relates to the work product privilege. The defendant did not seek confidential communications; rather he requested facts, which are discoverable. *See Parten v. Brigham*, 785 S.W.2d 165 (Tex.App.—Fort Worth 1989) (orig. proceeding). The attorney/client evidentiary privilege does not apply under the facts of this case.

The work product privilege is another question. The information sought, the facts underlying the lawsuit, is clearly discoverable. The purpose of discovery is to ensure that the suit is determined on the basis of what the facts reveal rather than what facts are concealed. That the interrogatories asked what facts the plaintiffs intend to rely upon, does not change the discoverable nature of the information. "It is also not ground for objection that an interrogatory propounded pursuant to Rule 168 involves an opinion or contention that relates to fact or the application of law to fact." TEX.R.CIV.P. 166b, subd. 2, par. a. The six interrogatories at issue fall squarely within that provision. The plaintiffs' work product objections to interrogatories numbers 3, 5, 7, 8, 9, and 10, were without merit.

■■■ By sustaining the objections, the trial court effectively precluded the defendant from discovering the facts of the dispute. It is well settled that the facts of a suit constitute the very core of discovery. The trial court's sustaining of the objections was a clear abuse of discretion.

■ The defendant also sought to have the plaintiffs give the "name, address and telephone number of each and every pool contractor or swimming pool builder who has viewed or inspected the swimming pool made the subject of this suit." *See* Appendix A, number 28. The plaintiffs objected that this interrogatory asked for information privileged under Rule 166b, subd. 3, par. b. Specifically, plaintiffs argue that the inquiry asks for the identity of an expert who has been retained or specially employed in anticipation of litigation or preparation for trial who will not be called as an expert witness and whose mental impressions and opinions have not been reviewed by a testifying expert. Although such an objection may, under proper circumstances be appropriate, before the plaintiffs are entitled to protection under that privilege, they must prove that such persons, if there are any, had been retained in anticipation of litigation. *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38 (Tex.1989). The plaintiffs produced no proof in the trial court. Therefore, the trial court abused its discretion in sustaining the plaintiffs' objection to interrogatory number 28. *Loftin v. Martin*, 776 S.W.2d

145, 148 (Tex.1989); *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986).

 In addition to the objections discussed above, the respondent also sustained the plaintiffs' objection to the set of interrogatories on the basis that the set called for more than thirty answers contrary to Tex.R.Civ.P. 168, subd. 5. We think it was incumbent upon the plaintiff to respond to the first thirty questions asked. We do not believe that by adopting Rule 168, subd. 5 the Supreme Court intended to absolve a party from the obligation to answer any interrogatories simply because the entire set may have called for more than thirty answers. However, there is no case law interpreting Rule 168, subd. 5 that resolves the question and which might have guided the trial court. In order to show a clear abuse of discretion, the relator must show that the decision amounted to a clear and prejudicial error of law, and that the facts and the law permitted the trial court to make but one decision which it did not make. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). If the law is unclear or honestly open to dispute, it cannot be said that but one decision was permitted under the law. Since there has been no judicial interpretation of the responding party's obligation to answer any of the interrogatories when the set requires more than thirty answers, we cannot say that the trial court abused its discretion simply because we disagree with its interpretation of the unclarified Rule. Therefore, the writ will not issue.

### APPENDIX A

CAUSE NO. 86–90

In the District Court

of Wood County, Texas

294th Judicial District

Filed May 13, 1991

Vince Colvin and wife Sandy Colvin

vs.

John Owens, d/b/a Southwestern Pools

DEFENDANT'S FIRST SET OF
INTERROGATORIES

TO: VINCE COLVIN and wife, SANDY COLVIN by an through their attorney, G. TIMOTHY BOSWELL, P.O. Box 933, Mineola, Texas 75773.

YOU ARE HEREBY DIRECTED to answer the following written interrogatories separately and fully, in writing and under oath, in accordance with Rule 168 of the Texas Rules of Civil Procedure, having the answers signed by the person making them and serving a true copy of the answers on the undersigned within thirty (30) days after service hereof.

INTERROGATORY NO. 1: You have plead that the pool in question is structurally sound. Please advise what the structural defects in the pool consist of.

INTERROGATORY NO. 2: You have stated in your pleadings that repeated demands have been made on Defendant to make the necessary repairs. Please state the date of each demand on Defendant to make a repair and specify what specific repair was demanded.

INTERROGATORY NO. 3: Please state each and every fact upon which you intend to rely in proof of your allegation that Defendant breached an express written warranty as set out in Paragraph IV. of Plaintiff's Original Petition.

INTERROGATORY NO. 4: In regard to your claim for damages for breach of the express written warranty, please advise the total amount of such damages and your method of calculating such damages.

INTERROGATORY NO. 5: Please state in detail each and every fact upon which you intend to rely in support of the allegation in your pleadings that Defendant failed to construct the pool in a good and workmanlike manner.

INTERROGATORY NO. 6: Please state the amount of damages incurred by you as a result of your allegation that Defendant failed to construct the pool in a good and workmanlike manner along with your method of calculating such damages.

INTERROGATORY NO. 7: Please state each and every fact upon which you intend to rely in support of your allegation that Defendant represented to you to sell you

goods or services of a quality better than that which was provided.

INTERROGATORY NO. 8: Please state each and every fact upon which you intend to rely in support of your allegation that Defendant advertised goods or services with the intent not to sell them as advertised.

INTERROGATORY NO. 9: Please state each and every fact upon which you intend to rely in support of your allegation that Defendant committed false, misleading and deceptive acts and practices.

INTERROGATORY NO. 10: You have alleged that Defendant failed to properly supervise the construction of the pool. Please state each and every fact upon which you intend to rely in support of this allegation.

INTERROGATORY NO. 11: You have alleged that Defendant failed to take those steps which a reasonably prudent swimming pool contractor would have taken to determine the structural needs of the swimming pool in question. Please state each and every step that you claim a reasonably prudent swimming pool contractor would have taken to determine the structural needs of the swimming pool in question that Defendant did not take.

INTERROGATORY NO. 12: Please state each and every act of negligence which you contend proximately caused the pool to crack and break open in such a manner that it would not hold water and to suffer various other defects.

INTERROGATORY NO. 13: Please state the date upon when the construction of the swimming pool in question was completed.

INTERROGATORY NO. 14: Please state the date upon when you first learned that Defendant failed to construct the swimming pool in a competent and workmanlike manner.

INTERROGATORY NO. 15: Please state the date when you first learned that the swimming pool was not structurally sound.

INTERROGATORY NO. 16: Please state the date that Defendant made the expressed written warranty to you as set out in Paragraph IV. of Plaintiff's Original Petition.

INTERROGATORY NO. 17: Please state the date that Defendant breached his implied warranty to construct the swimming pool in question in a good and workmanlike manner as alleged in Paragraph V. of the Plaintiff's Original Petition.

INTERROGATORY NO. 18: Please state the date that Defendant represented to Plaintiffs that he would construct the pool in a competent and workmanlike manner as alleged in Paragraph VI. of Plaintiff's Original Petition.

INTERROGATORY NO. 19: Please state the date that the Defendant represented to sell to Plaintiffs goods or services of a quality better than that which was provided as alleged in Paragraph VI. of Plaintiff's Original Petition.

INTERROGATORY NO. 20: Please state the date that Defendant advertised goods or services with the intent not to sell them as advertised as alleged in Paragraph VI. of Plaintiff's Original Petition.

INTERROGATORY NO. 21. Please state each and every date and occasion that the Defendant committed false, misleading and deceptive acts and practices as alleged in Paragraph VII. of Plaintiff's Original Petition.

INTERROGATORY NO. 22: Please state the date or inclusive dates that Defendant failed to properly supervise the construction of the pool as alleged in Paragraph VIII. of Plaintiff's Original Petition.

INTERROGATORY NO. 23: Please state each and every date that Defendant failed to take those steps which a reasonably prudent swimming pool contractor would have taken to determine the structural needs of the swimming pool in question as alleged in Paragraph VIII. of Plaintiff's Original Petition.

INTERROGATORY NO. 24: Please state the date of each and every act of negligence of Defendant which proximately caused the pool to crack and break open in such a manner that it would not hold water and to suffer various other defects as al-

leged in Paragraph VIII. in Plaintiff's Original Petition.

INTERROGATORY NO. 25: Please state the name, address and telephone number of all persons having knowledge of facts relevant to any issue in this lawsuit.

INTERROGATORY NO. 26: Please state the name, address and telephone number of any expert who may be called as a witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

INTERROGATORY NO. 27: Please state the name, address and telephone number of any expert used for consultation and who is not expected to be called as a witness at trial if that expert's work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

INTERROGATORY NO. 28: Please state the name, address and telephone number of each and every pool contractor or swimming pool builder who has viewed or inspected the swimming pool made the subject of this suit.

INTERROGATORY NO. 29: Is it true that you ran water from a water hose between the pool wall and the surrounding dirt?

INTERROGATORY NO. 30: Please state the date that the original construction on the swimming pool made the basis of this suit was completed.

> Respectfully submitted,
> (s) Bill D. Rosenstein
> BILL D. ROSENSTEIN
> State Bar I.D. # 17279500
> Attorney for Defendant