**Beverly Bearden GUSTAFSON and Robert D. Gustafson, individually and as next friends of Michael James Gustafson, Relators,**

v.

**The Honorable Eugene CHAMBERS, Judge of the 215th District Court, Harris County, Texas, Respondent.**

No. 01–93–00988–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 1994.

Order on Motion June 7, 1994.

Michael A. Pullara, Norman Riedmueller, Houston, for appellant.

Charles G. Bell, Margaret N. Masters, Jan Soifer, Houston, for appellee.

Before O'CONNOR, PARROTT and WILSON, JJ.

## CORRECTED OPINION

O'CONNOR, Judge.

The Court's opinion of March 4, 1994, is withdrawn and the following substituted in its place.

Relators, Beverly Bearden Gustafson and Robert D. Gustafson, both individually and as next friends of their son, Michael James Gustafson (collectively, the plaintiffs), petition this Court for a writ of mandamus to compel respondent, the Honorable Eugene Chambers, Judge of the 215th District Court, Harris County, Texas, to vacate his order denying their motion to compel discovery and in its place, enter an order granting the motion.

In the underlying case, the plaintiffs filed suit against real parties in interest, J.P.[1]; OB/GYN Associates, a partnership in which J.P. is a principal; Jack Eckerd Corporation; HCA South Arlington Medical Center (the hospital); and Lori David, a pharmacist (collectively, the defendants). The plaintiffs alleged that certain medications prescribed for Ms. Gustafson on August 7, 1991, were excessive and incompatible, resulting in physical injuries to her, including seizures. The plaintiffs also alleged that J.P.'s abuse of intoxicants affected his judgment and competence at the time he was treating Ms. Gustafson, caused her injuries, and justified punitive damages. The plaintiffs alleged that the hospital was negligent in granting J.P. staff privileges because it knew or should have known that J.P. abused intoxicating substances, which it knew or should have known impaired his judgment, skill, and competence; because it failed to develop and maintain an adequate alcohol and drug abuse policy; and because it failed to inform the plaintiffs that J.P. abused intoxicating substances. The plaintiffs alleged that J.P. and the hospital engaged in deceptive trade practices by failing to disclose to them information about their services that had it been known to them, they would not have entered into contractual relationships with them.

The plaintiffs propounded discovery requests to J.P. inquiring about these allegations. These discovery requests inquired about:

1. the identity of the employees at J.P.'s clinic;

2. complaints filed against J.P. with the Texas Board of Medical Examiners and the underlying incidents made the subject of those complaints;

3. J.P.'s abuse of and addiction to alcohol or other intoxicants, including any treatment sought and/or received therefor; and

4. J.P.'s performance of medical procedures while under the influence of alcohol or other intoxicants.

J.P. filed objections and answers to these discovery requests, asserting the physician-patient privilege, the mental health privilege, privileges related to complaints to and files of the Texas State Board of Medical Examiners and medical peer review committees, along with a number of other objections, including assertions that the discovery was overbroad, vague, unduly burdensome, harassing and global, not restricted to seeking relevant information, and not reasonably calculated to lead to the discovery of admissible evidence

---

1. This Court, on unopposed motion, ordered that the initials be substituted for the name of the real party in interest.

as required by Tex.R.Civ.P. 166b(2)(a). J.P. answered the requests for admission and some of the interrogatories, but did not produce any documents.

After the plaintiffs filed their motion to compel answers to interrogatories and request for production of documents, J.P. amended his discovery responses. He filed a response to the plaintiffs' motion to compel, an affidavit, and certain documents attached to the affidavit for in camera review. In the affidavit, J.P. denied that he was a drug addict and that he abused intoxicating substances at any time during his treatment of Ms. Gustafson. J.P. also swore in the affidavit that the documents he had that might be responsive to discovery requests seeking information about his alleged abuse of or addiction to alcohol relate to

> diagnoses, evaluations or treatment sought and/or received by me, [that] were created or maintained by physicians and health professionals ... and that such documents consist of or include confidential communications between myself as a patient and licensed physicians and health professionals, and such communications and documents were relative to or in connection with professional services I received as a patient from the physicians and health professionals.

On August 16, 1993, Judge Chambers conducted a hearing at which he heard argument from counsel on the plaintiffs' motion to compel discovery. No testimonial evidence was offered or received. Later, Judge Chambers reviewed the documents in camera and on October 21, 1993, issued an order sustaining J.P.'s objections to discovery and denying the plaintiffs' motion to compel.

### Standard of review

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Davis v. Stansbury,* 824 S.W.2d 278, 281 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). The court may not act in an arbitrary or unreasonable fashion that is without reference to guiding rules and principles. *Id.*

■ The burden is on the party who objects to discovery to prove why it should not be required to produce discovery. Tex. R.Civ.P. 166b(4); *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 n. 6 (Tex.1990); *Weisel Enter., Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986).

### A. Waiver of non-privilege objections

In response to all the discovery requests, the defendants filed a laundry-list of objections, some on grounds of privileges and others on non-privilege grounds. The only evidence the court had before it was J.P.'s affidavit and the sealed documents. The affidavit and the documents only addressed the issues of J.P.'s privileges from discovery, not the other objections.

■ A party is not required to support all objections to discovery by evidence. *Inwood West Civic Ass'n v. Touchy,* 754 S.W.2d 276, 278 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding) (party not required to produce evidence to support statutory exemption from discovery). In most cases, however, the party resisting discovery must produce evidence to support its objections. In the following cases, the courts have held the objections to discovery were waived because they were not supported by evidence. *Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985) (objection on the ground of privilege); *Delgado v. Kitzman,* 793 S.W.2d 332, 334 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (objections on ground of privacy, beyond scope of discovery, and not limited to reasonable period of time); *Miller v. O'Neill,* 775 S.W.2d 56, 59 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding) (objections on ground the requests were overbroad, harassing, and for trade secrets). The defendants do not argue that any of their objec-

tions could have been sustained without evidence to support them.

■ The defendants waived all objections that were not supported by evidence and the court erred in sustaining them. TEX.R.CIV.P. 166b(4); *Axelson, Inc.*, 798 S.W.2d at 553 n. 6; *Weisel Enter., Inc.*, 718 S.W.2d at 58; *Miller*, 775 S.W.2d at 59; *Delgado*, 793 S.W.2d at 334.

## B. Interrogatories three and four

■ Interrogatory three asks for information about every occasion on which J.P. has performed a medical procedure while under the influence of intoxicants. After making numerous objections to this interrogatory, J.P. answered:

> Without waiving these objections, Defendant responds that he has never performed a medical procedure while under the influence of alcohol or other intoxicants.

■ Interrogatory four asks for information about every occasion between January 1, 1990 and December 31, 1991, on which J.P. used cocaine. Again after numerous objections, J.P. answered:

> Without waiving the foregoing objections, Defendant responds that there were no such occasions or incidents.

Judge Chambers found J.P.'s denial was an adequate answer to these interrogatories. Because J.P. did answer these interrogatories, we cannot say that Judge Chambers abused his discretion in denying the plaintiffs' motion to compel as it relates to them.

## C. Interrogatory five

Interrogatory five asks J.P. to describe in detail the occasions on which he sought treatment for abuse of intoxicants.

## 1. The physician-patient and mental health privileges

■ J.P. objected that interrogatory five invaded the physician-patient and mental health privileges.[2] In his affidavit, J.P. stated the documents he produced for in camera review were confidential communications with his doctors and were privileged under Tex.R.Civ.Evid. 510(a)(1).

The plaintiffs contend that the information sought by this interrogatory falls within an exception to privilege in Tex.R.Civ.Evid. 509 and 510. According to the plaintiffs, those rules permit the discovery of communications or records between a patient and his doctor or mental health care professional when the information is relevant to an issue of the physical, mental, or emotional condition of a patient and any party relies on the condition as part of the party's claim or defense.

In their lawsuit, the plaintiffs contend J.P. was negligent, and depend on his physical, mental, and emotional condition for part of their proof. Their first amended original petition alleges, among other things, that J.P. was negligent "in practicing while his judgment, skill, and competence was compromised as a result of his abuse of and addiction to alcohol and other intoxicants" and that OB/GYN and the hospital were negligent in letting him practice under such circumstances. The plaintiffs alleged that such acts proximately caused Ms. Gustafson's injuries.

Parties may obtain discovery of any matter that is relevant to the subject matter of the lawsuit, whether it relates to the claim or defense of the party seeking discovery, or the claim or defense of the other party. TEX. R.CIV.P. 166b(2)(a); *Kavanaugh v. Perkins*, 838 S.W.2d 616, 619 (Tex.App.—Dallas 1992, orig. proceeding). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the deter-

---

**2.** Texas Revised Civil Statutes Annotated, article 4495b, sec. 5.08 (Vernon Pamph.1994) provides:

(a) Communications between one licensed to practice medicine, relative to or in connection with any professional services as a physician to a patient, is confidential and privileged and may not be disclosed except as provided in this section.

(b) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed except as provided in this section.

There are similar confidentiality provisions in Texas Health and Safety Code, section 611.002 (Vernon 1992), Tex.R.Civ.Evid. 509 and 510, as well as 42 U.S.C.S. section 11137(b) (1989).

mination of the action more probable or less probable than it would be without the evidence. TEX.R.CIV.EVID. 401. Based on the plaintiffs' pleading allegations, one of the primary issues in the lawsuit is whether J.P. was impaired by intoxicant abuse during the time he treated Ms. Gustafson. The information requested in interrogatory five on J.P.'s treatment for intoxicant abuse would have the tendency to make the existence of his impairment, if any, more probable. The information requested in interrogatory five is relevant. *Kavanaugh*, 838 S.W.2d at 619 (patient was entitled to discovery about her doctor's mental, physical, and emotional condition and his use of alcohol).

Even if relevant, J.P. contends he cannot be forced to divulge information about his mental health because he has not waived the privilege. TEX.R.CIV.EVID. 510(b) (communications between a patient and a professional is confidential and shall not be disclosed). The defendants believe this case is governed by *Republic Insurance Co. v. Davis*, 856 S.W.2d 158 (Tex.1993), a case that recently considered the issue of waiver of the attorney-client privilege. In *Davis*, the Supreme Court held that to waive the privilege, (1) the party asserting the privilege must seek affirmative relief, (2) the privileged information sought must be such that, if believed by the fact finder, in all probability, it would be outcome determinative of the cause of action asserted, and (3) disclosure of the confidential communication must be the only means by which the aggrieved party may obtain the evidence. *Id.* at 163.

In contrast to defendants' argument, the plaintiffs argue they are not relying on J.P.'s waiver of the privilege; they contend they are relying on an exception to the privilege found in TEX.R.CIV.EVID. 510(d)(5). That section provides:

> d. Exceptions. Exceptions to the privilege in court proceedings exist:
>
> \* \* \* \* \* \*
>
> (5) as to a communication or record relevant to an issue of the physical, mental, or emotional condition of a patient in any proceeding in which *any party* relies upon the condition as a part of the *party's* claim or defense.

To support their argument, the plaintiffs cite *S.A.B. v. Schattman*, 838 S.W.2d 290 (Tex.App.—Fort Worth 1992, orig. proceeding). In *Schattman*, the court traced the evolution of the mental health privilege and its exception. The Fort Worth Court of Appeals noted that when first enacted by the legislature in 1979, the statute provided no exception similar to that found in what is now rule 510(d)(5).[3] *Id.* at 292–93. In 1983, when the Texas Supreme Court codified the rules of evidence, the court created an exception to the privilege that was limited to a proceeding in which a *patient* sought to recover damages for mental or emotional harm. *Id.* at 293. In a 1984 amendment to rule 510, the Court broadened the exception to authorize disclosure of relevant mental health information about a patient in any proceeding in which the patient relies upon his physical, mental, or emotional condition as an element of *his* claim or defense. *Id.* Finally, in 1988, the Court completely re-wrote subsection (d)(5), and adopted the language quoted above. The *Schattman* court concluded, as we must, that the rule means what it says. *Id.*

To counter the plaintiffs' reliance on the 1988 amendment to rule 510(d)(5), J.P. refers us to three cases that have held to the contrary: *Bosson v. Packer*, 826 S.W.2d 664 (Tex.App.—Dallas 1992, orig. proceeding); *Dossey v. Salazar*, 808 S.W.2d 146 (Tex.App.—Houston [14th Dist.] 1991, orig. proceeding); *Scheffey v. Chambers*, 790 S.W.2d 879 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding). These three cases held that the exception in rule 510(d)(5) applies only when the party resisting discovery is using the privilege "offensively," as when a plaintiff in a personal injury suit sues for damages and then seeks to shield his mental health records that would be evidence that

---

**3.** Act of May 17, 1979, 65th Leg., R.S., ch. 239, 1979 Tex.Gen.Laws 512, *amended by* Act of June 19, 1983, 68th Leg., R.S., ch. 511, sections 2, 4, 1983 Tex.Gen.Laws 2970, 2972–73, 2974–75, *repealed by* Act of April 29, 1991, 72nd Leg., R.S., ch. 76 § 19, 1991 Tex.Gen.Laws 515, 648.

his damages are caused by something else other than the defendant's alleged tortious behavior. J.P. argues because he is not seeking to use the privilege offensively, he is entitled to its protection.

The *Schattman* court rejected the same argument as overlooking the clear language of the amended rule. *Schattman*, 838 S.W.2d at 295. The *Schattman* court analyzed the *Scheffey* and *Dossey* opinions at some length and concluded it was not persuaded by their reasoning, implying that they ignored the clear language of the amended rule. *See also Kavanaugh*, 838 S.W.2d at 619 (patient was entitled to discovery about her doctor's mental, physical, and emotional condition and his use of alcohol). We agree with the *Schattman* analysis: the clear language of rule 501(d)(5) precludes us from reading it more narrowly than it was drafted. The clear language of the rule permits the plaintiffs in this case to discover the mental health records of J.P.

## 2. Adequate remedy by appeal—information not available for appeal

■ A party will not have an adequate remedy by appeal where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record. *Walker*, 827 S.W.2d at 843. Because J.P. has not answered this interrogatory, on appeal there would be no way for an appellate court to adequately review Judge Chamber's decision. Thus, the plaintiffs have no adequate remedy by appeal.

## D. Interrogatory six

Interrogatory six asks J.P. to identify all persons with knowledge of his use of intoxicants and to characterize the facts known to such person (*e.g.,* knowledge of what substances he uses, knowledge of the extent of his consumption of those substance(s), knowledge of when, where, and with whom he uses those substances, and/or knowledge of any

treatment that he has sought for his use of such substances.) J.P.'s objections to this interrogatory were substantially similar to his objections to previous discovery.

### 1. Physician-patient and mental health privilege

For the same reasons discussed in part C–1 under interrogatory five, we hold Judge Chambers abused his discretion in sustaining the physician-patient and mental health privilege objections.

### 2. Attorney-work product

■ J.P. produced no evidence to support his objection to interrogatory six, that the information was exempt from discovery under the attorney work product privilege. Judge Chambers, therefore, abused his discretion by sustaining this objection to interrogatory six. Tex.R.Civ.P. 166b(4).

### 3. Attorney-client privilege

J.P. produced no evidence to support his objection to interrogatory six, that the information was exempt from discovery under the attorney-client privilege. Judge Chambers, therefore, abused his discretion by sustaining this objection to interrogatory six. Tex. R.Civ.P. 166b(4).

### 4. Knowledge of fact witnesses

■ Last, J.P. objected to interrogatory six on the ground that Tex.R.Civ.P. 166b does not require a defendant to disclose the extent and content of the knowledge held by persons with knowledge of relevant facts. Rule 166b(2)(a) provides that parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. The content and extent of knowledge held by persons with knowledge of relevant facts, by definition, would be a matter that is relevant to the subject matter of the pending action. *See, e.g., Owens v. Wallace*, 821 S.W.2d 746, 748 (Tex.App.—Tyler 1992, orig. proceeding) (interrogatory could ask the party to outline facts upon which it intended to rely). We

hold Judge Chambers abused his discretion by sustaining this objection to interrogatory six.

Because J.P. has not answered this interrogatory, on appeal there would be no way for an appellate court to adequately review Judge Chamber's decision. Thus, the plaintiffs have no adequate remedy by appeal.

### E. Interrogatory seven

■ Interrogatory seven asks J.P. to identify every complaint filed against him with the Texas Board of Medical Examiners. One of the bases of J.P.'s objections to this interrogatory was that it seeks information protected from discovery by TEX.REV.CIV. STAT. art. 4495b, sec. 4.05 (Vernon Pamph. 1994). This statute provides in part:

(c) All complaints, adverse reports, investigation files, other investigation reports, and other investigative information in the possession of, received or gathered by the board or its employees or agents relating to a licensee, an application for license, or a criminal investigation or proceedings are privileged and confidential and are not subject to discovery, subpoena, or other means of legal compulsion for their release to anyone other than the board, its employees or agents involved in licensee discipline.

This statute, which makes all complaints received by the board confidential, includes any complaints against J.P. In addition, there are no exceptions to the medical board privilege comparable to the exceptions in the physician-patient and mental health privilege rules of evidence. Judge Chambers, therefore, did not abuse his discretion by denying the plaintiffs' motion to compel J.P. to answer this interrogatory.

### F. Request for production five

Request for production five asks for documents that relate or refer to J.P.'s purchase or consumption of intoxicants between November 5, 1990 and August 31, 1991. After stating his objections, J.P. responded to the request as follows:

Without waiving these objections, Defendant responds that, other than privileged documents, he has no responsive documents.

We reviewed the documents J.P. submitted to Judge Chambers for in camera examination. J.P. did not submit any documents that responded to request for production five—he did not submit any invoices or bills for the court to review.

■ A close reading of his answer shows that J.P. claims there are documents, but they are privileged. The party who asserts a privilege has the burden of showing its existence, scope, and applicability. In *Peeples v. Fourth Supreme Judicial District,* 701 S.W.2d 635, 637 (Tex.1985), the Supreme Court articulated a four-step process when a party asserts a privilege from discovery. The party must:

1. specifically plead the particular privilege;

2. segregate all privileged from unprivileged materials;

3. produced the requested material to the court; and

4. request an in camera inspection of the materials.

Failure to follow these four steps results in a waiver of the privilege. *Id.; see also Axelson, Inc.,* 798 S.W.2d at 553 n. 6; *Freeman v. Bianchi,* 820 S.W.2d 853, 858–59 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding).

■ We hold J.P. waived any objection to this request by not submitting documents for examination. Judge Chambers abused his discretion by sustaining the objection to request for production five.

Because J.P. did not produce the requested documents, on appeal there would be no way for an appellate court to adequately review the trial court's decision. A party will not have an adequate remedy by appeal where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record. *Walker,* 827 S.W.2d at 843. Thus, the plaintiffs have no adequate remedy by appeal.

## G. Request for production six

Request for production six asks J.P. to produce documents that relate or refer to occasions upon which he sought treatment for abuse of intoxicants. J.P.'s objections to request for production six were similar to his objections to interrogatory five, although he did add objections based on the work product, attorney-client, and investigative privileges. Asserting they were privileged, J.P. submitted for an in camera review, documents numbered 000016–000118 in "Exhibit A to Affidavit of J.P." as documents that "may be responsive" to this request for production. In the envelope marked, "Addendum to Exhibit B to Affidavit of J.P." we found documents 000120–000133 to also be responsive to this request.

### 1. Physician-patient and mental health privilege

■ For the same reasons discussed in part C–1 under interrogatory five above, we hold Judge Chambers abused his discretion in sustaining the physician-patient and mental health privilege objections.

### 2. Attorney-work product

■ J.P. produced no evidence to support his objection based on attorney work product. Judge Chambers, therefore, abused his discretion by sustaining this objection to request for production six.

### 3. Attorney-client privilege

■ A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. TEX.R.CIV.EVID. 503(b). None of the documents among documents 000016–000118 or 000120–000133 submitted for in camera review fit the description of the attorney-client privilege provided for in rule 503(b). Therefore, we hold Judge Chambers abused his discretion by sustaining J.P.'s attorney-client objection to the documents responsive to this request.

### 4. Investigative privilege

■ Investigative privilege can only be invoked when investigations are made in anticipation of litigation. See TEX.R.CIV.P. 166b(3)(d); National Tank Co. v. Brotherton, 851 S.W.2d 193, 202–03 (Tex.1993). We have reviewed the documents responsive to this request and find none show they were prepared in anticipation of litigation. Accordingly, we hold Judge Chambers abused his discretion by sustaining the investigative privilege objection to the production of documents responsive to this request.

### 5. Adequate remedy by appeal—information that goes to heart of case

■ Denial of discovery going to the heart of a party's case can render the appellate remedy inadequate. Walker, 827 S.W.2d at 843. The plaintiffs have alleged that Ms. Gustafson's injury was proximately caused by J.P.'s negligence in practicing while his judgment, skill, and competence were compromised by his sustained use of intoxicants.

We hold that documents numbers 000017–24, 000027, 000044–45, 000050–51, 000057, 000062–67, 000089, 000100, 000102, as well as documents 000120–121, 000122, 000129–131 go to the heart of the plaintiffs' case. As such, the plaintiffs have no adequate remedy by appeal from the trial court's abuse of discretion in sustaining J.P.'s objections to their production.

## H. Request for production seven and eight

Request for production seven asks J.P. to produce all documents that relate or refer to HCA South Arlington Hospital's knowledge of his use of intoxicants and request for production eight asks him to produce all documents relating to inquiries made by the hospital regarding J.P.'s use of intoxicants. J.P. objected to requests for production seven and eight on many of the same grounds he did to most of the discovery requests, but added some new ones that we discuss below. Subject to these objections, J.P. responded to

both of these requests for production that he is unaware of any such documents other than privileged documents 000016–000118 that he submitted to Judge Chambers for in camera review. Out of these 102 documents, we have found several documents responsive to these requests. In the envelope marked, "Addendum to Exhibit B to Affidavit of J.P.," we found documents 000129–000130 to also be responsive to request for production seven.

### 1. Physician-patient and mental health privilege

■ For the same reasons discussed in part C–1 under interrogatory five above, we hold Judge Chambers abused his discretion by sustaining the physician-patient and mental health privilege objections to request for production seven.

### 2. Attorney-work product

■ The attorney-work product rule protects from discovery the mental impressions, conclusions, opinions, or legal theories prepared and assembled by the attorney in actual preparation for trial. Tex.R.Civ.P. 166b(3); *Owens*, 821 S.W.2d at 747–48. We have reviewed the documents we find responsive to the request contained in documents 000016–000118 and conclude Judge Chambers abused his discretion by sustaining J.P.'s objection to their production based on the attorney work-product rule because none of the documents meet the work product characteristics described in *Owens.*

### 3. Attorney-client privilege

■ A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. Tex.R.Civ.Evid. 503(b); *West v. Solito,* 563 S.W.2d 240, 245 (Tex.1978). None of the responsive documents are documents fitting the description of the attorney-client privilege provided for in rule 503(b). Accordingly, we hold Judge Chambers abused his discretion by sustaining this objection to request for production seven and eight.

### 4. Party communications/investigative matters

■ Party communication/investigative privilege can only be invoked when the communications/investigations are made in anticipation of litigation. *See* Tex.R.Civ.P. 166b(3)(d); *National Tank Co.,* 851 S.W.2d at 203. We have reviewed the documents responsive to this request and find none that show they were prepared in anticipation of litigation. Accordingly, we hold Judge Chambers abused his discretion by sustaining the party communication privilege objection to the production of documents responsive to this request.

### 5. Witness statements

■ We have examined the documents responsive to this request and none of them are witness statements. Accordingly, we hold Judge Chambers abused his discretion by sustaining J.P.'s objection to request for production seven and eight on the basis of the witness statement discovery exemption.

### 6. Consulting expert reports/information

■ J.P. produced no evidence that documents 000016–000118 were purely consulting expert reports/information. We hold, therefore, Judge Chambers abused his discretion in sustaining this objection to request for production seven and eight.

### 7. Joint defense privilege

■ J.P. objected to the request for production on the ground that the information was prepared as a part of a joint defense with the hospital. J.P. did not submit any evidence that documents 000016–000118 constituted documents prepared as part of a joint defense. Accordingly, J.P. waived the objection and Judge Chambers abused his discretion in sustaining J.P.'s objections to their production.

As an important part of their case, the plaintiffs have alleged that Ms. Gustafson's injury was proximately caused by the hospital's negligence in allowing J.P. to practice while his judgment, skill, and competence

were compromised because of his abuse of and addiction to intoxicants. We hold that Exhibit A, document numbers 000016, 000046–47, 000052, 000076, 000089–90, 000109, Addendum to Exhibit B document numbers 000129–130 go to the heart of plaintiff's allegation of negligence against the hospital. As such, plaintiffs have no adequate remedy by appeal from the trial court's abuse of discretion in sustaining J.P.'s objections to their production.

### I.  Request for production nine

Request for production nine asks J.P. to produce all documents that relate or refer to representations made by him to the hospital regarding his use of intoxicants. Subject to his customary objections, J.P. responded that other than the in camera documents, he was not aware of documents responsive to this request.

We have reviewed the in camera documents and found no documents that are responsive to this request. Accordingly, we hold Judge Chambers did not abuse his discretion by denying the plaintiffs' motion to compel as it relates to this request for production.

### J.  Request for production 10

Request for production 10 asks J.P. to produce every document that relates or refers to every complaint filed with the Texas State Board of Medical Examiners. J.P. claims documents responsive to this request are privileged under the Medical Practice Act, TEX.REV.CIV.STAT. art. 4495b § 4.05 (Vernon Pamph.1994), which provides in part

(c) All complaints, adverse reports, investigation files, other investigation reports, and other investigative information in the possession of, received or gathered by the board or its employees or agents relating to a licensee, an application for a license, or a criminal investigation or proceedings are privileged and confidential and are not subject to discovery, subpoena, or other means of legal compulsion for their release to anyone other than the board or its employees or agents involved in licensee discipline.

Texas Revised Civil Statutes, art. 4495b, section 5.06 (Vernon Pamph.1994), provides in part:

(s)(1) Reports, information, or records received and **maintained by the board** pursuant to this section ... including any material received or developed by the board during an investigation or hearing, are strictly confidential....

\*  \*  \*  \*  \*  \*

(s)(3) In **no event may records and reports disclosed pursuant to this article by the board to others,** or reports and records received, maintained, or developed by the board, by a medical peer review committee, or by a member of such a committee or by a health-care entity be available for discovery or court subpoena or introduced into evidence in a medical professional liability suit arising out of the provision of or failure to provide medical or health-care services, or in any other action for damages.

(Emphasis added.)

Records of the State Board of Medical Examiners received or gathered by the Board are privileged and are not subject to discovery. *Kavanaugh,* 838 S.W.2d at 622 (Tex.App.—Dallas 1992, orig. proceeding); *Brochner v. Thomas,* 795 S.W.2d 215, 217 (Tex.App.—Eastland 1990, orig. proceeding). The purpose of shielding the files of the State Board of Medical Examiners is to promote improvement of health care and treatment of patients through review, analysis, and evaluation of work and procedures of doctors. *Family Med. Ctr. v. Ramirez,* 855 S.W.2d 200, 202 (Tex.App.—Corpus Christi 1993, orig. proceeding) (peer review committee privilege).

To answer this interrogatory, J.P. would be forced to disclose information disclosed to him by the board. Such disclosure is prohibited by article 4495b, section 5.06. We hold Judge Chambers did not abuse his discretion in sustaining J.P.'s response to this request.

### Summary

We are confident that in accordance with this opinion, Judge Chambers will issue a

new discovery order to compel J.P. to respond to:

(A) Interrogatories five and six;

(B) Request for production five, by delivering to plaintiffs' counsel all responsive documents;

(C) Request for production six, by delivering to plaintiffs' counsel documents 000017–19, 000020–24, 000027, 000044–45, 000050–51, 000057, 000062–67, 000089, 000100, 000102 from the envelope marked "Exhibit A to Affidavit of J.P." and documents 000120–121, 000122, 000129–131 from the envelope marked "Addendum to Exhibit B to Affidavit of J.P."; and

(D) Request for production seven and eight, by delivering to plaintiffs' counsel documents 000016, 000046–47, 000052, 000076, 000089, 000090, 000109 from the envelope marked "Exhibit A to Affidavit of J.P." and documents 000129–130 from the envelope marked "Addendum to Exhibit B to Affidavit of Dr. J.P."

We will issue the writ of mandamus only if Judge Chambers does not act according to this opinion.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

### ORDER ON MOTION FOR REHEARING ON MOTION TO SUBSTITUTE INITIALS FOR NAME IN OPINION

PER CURIAM.

On motion for rehearing of motion to substitute initials for name in opinion, J.P., the real party in interest, moves the Court to substitute his initials for his name in the body of our opinion on relators' petition for writ of mandamus. We grant the motion.

In the lawsuit from which the mandamus action arose, relators allege intoxicant abuse by J.P. proximately caused Mrs. Gustafson personal injury. Relators brought the mandamus action to obtain production of certain documents they sought in an effort to support their intoxicant abuse allegations.

In his motion, which is unopposed, J.P. gives his sworn opinion that the prejudicial nature of relators' allegation could substantially and irrevocably harm his medical practice.

The legislature has granted us authority to refer to parties by their initials or by fictitious names in limited circumstances. See, for example, TEX.FAM.CODE § 11.19(d) (Vernon 1986), which permits an appellate court, in appeals from suits affecting the parent-child relationship, to identify the parties by initials or fictitious names. This original proceeding is not such a case, however.

Nevertheless, courts have substituted initials or pseudonyms for party's names in their opinions without basing such a procedure on statutory authority. *See, e.g., Roe v. Wade,* 410 U.S. 113, 120–21, n. 4, 5, 93 S.Ct. 705, 710–11, n. 4, 5, 35 L.Ed.2d 147 (1973) (pseudonyms used for single woman and married couple challenging the constitutionality of a criminal abortion statute); *State Farm Fire & Cas. Co. v. S.S.,* 808 S.W.2d 668, 668–72 (Tex.App.—Austin 1991), *aff'd,* 858 S.W.2d 374 (Tex.1993) (initials used to refer to parties involved in dispute over whether homeowner's policy covered claim for negligent exposure to herpes); *Harris County D.A.'s Office v. D.W.B.,* 860 S.W.2d 719, 719–722 (Tex.App.—Houston [1st Dist.] 1993, no writ) (initials used in the style of the case for the name of a party who had sought expunction of criminal records); *L.S. v. State,* 867 S.W.2d 838, 838–46 (Tex.App.—Austin 1993, no writ) (initials used to refer to mentally retarded adult appealing order extending an involuntary commitment to a state hospital).

Accordingly, we **ORDER** J.P.'s initials substituted for his name in our earlier opinion.