**INWOOD WEST CIVIC ASSOCIATION, et al., Relators,**

v.

**The Honorable Hugo A. TOUCHY, Judge of the 129th District Court, Harris County, Texas, Respondent.**

**No. C14–87–00915–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 1988.

Kevin H. George, Cheryle R. Johnston, Houston, for relators.

Ronald G. Wiesenthal, Houston, for respondent.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an original mandamus proceeding. The relators ask this court to direct the Honorable Hugo A. Touchy to vacate an order denying certain pre-trial discovery, and to enter an order permitting discovery of the activities of Houston Cable TV, Inc., a real party in interest. We deny the petition for the reasons stated below.

This dispute arises out of a suit for breach of contract and breach of the covenant of good faith and fair dealing, filed by the relators on March 6, 1987. The relators are fifteen homeowners' associations located in Harris County, Texas. The real parties in interest are Houston Cable TV, Inc., a Texas corporation, and its parent company, Warner Communications, Inc., a foreign corporation.

Beginning in 1979, Houston Cable entered into several contracts with the relators which gave Houston Cable rights of entry to place its equipment, poles and lines across utility easements on the relators' private property. Houston Cable agreed to pay the relators a percentage of the gross receipts from cable subscribers in the subdivisions.

The relators allege that in late 1981, and throughout 1982, Houston Cable successfully lobbied members of the Texas Legislature for the passage of House Bill 643, (now codified at Tex.Rev.Civ.Stat.Ann. art. 9021 (Vernon Supp.1988)). This act gives cable television companies free access to utility easements across private property for the installation of their equipment.

In 1985, Houston Cable told the relators that it would no longer pay for its right of entry, stating that article 9021 made it unnecessary for Houston Cable to pay for access to the properties. The relators filed suit, alleging breach of contract and breach of the covenant of good faith and fair dealing.

During pretrial discovery, the relators requested information relating to Houston Cable's lobbying activities, contending that this information had a direct bearing on whether Houston Cable negotiated in good faith with the relators. Houston Cable refused to comply with the discovery requests, claiming the information sought was privileged and not relevant to the subject matter of the lawsuit. The relators filed two motions to compel production, arguing that lobbying activities are properly

discoverable. The trial court denied these motions, as well as the relators' motion for reconsideration. These actions gave rise to the petition for writ of mandamus.

The relators claim that Houston Cable waived any assertion of privilege when it did not follow the procedures mandated by the Texas Supreme Court in *Peeples v. The Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985). *Peeples* held that the resisting party must specifically plead the particular privilege or immunity claimed and request a hearing on its motion. The trial court then determines whether an in camera inspection is necessary. If an inspection is ordered, the materials for which the inspection is sought must be segregated and produced to the court. *Peeples*, 701 S.W.2d at 637. The same procedures apply whether the claim for protection rests upon privilege or relevancy. *Weisel Enterprises, Inc., v. Curry*, 718 S.W.2d 56, 58 (Tex.1986).

The record contains no indication that Houston Cable presented any evidence substantiating its claim that the information sought by the relators was privileged and not relevant to the lawsuit. The relators contend that in the absence of this required evidence, the trial judge abused his discretion in denying discovery. *Weisel Enterprises*, 718 S.W.2d at 58.

■ The relators are correct in asserting that mere allegations that a particular privilege applies to a specific document is not evidence of the application of the privilege. However, the privilege asserted here is based on a statute which protects the confidentiality of communications between citizens and members of the legislature, Tex. Gov't Code Ann. § 306.004 (Vernon 1988). The statute specifically prohibits the public disclosure of a written or otherwise recorded communication from a citizen of Texas to a member of the legislature, unless either party authorizes disclosure.

The relators' discovery requests seek disclosure of information that is protected by section 306.004. Specifically, they ask that Houston Cable produce copies of all documents submitted to lobbyists with respect to the passage of article 9021, and copies of all documents distributed to state representatives in support of the article. The relators also served Houston Cable with a request for admission, asking that Houston Cable acknowledge that it participated in efforts supporting the passage of article 9021.

The relators cite a number of cases which hold that a trial court abuses its discretion in denying discovery when the party claiming a privilege does not present any evidence substantiating its claim. However, the privileges asserted in the cases cited were not based upon a specific statute, but rather upon either the attorney-client privilege or a general assertion of non-relevancy. *Weisel Enterprises*, 718 S.W.2d at 58; *Valley Forge Insurance Co. v. Jones*, 733 S.W.2d 319, 321 (Tex.App.— Texarkana 1987, no writ); *Thompson v. Haberman*, 739 S.W.2d 71, 72 (Tex.App.— San Antonio 1987, no writ).

■ Any matter protected from disclosure by privilege is exempt from discovery. Tex.R.Civ.P. 166b(3)(e); *Smith v. White*, 695 S.W.2d 295, 297 (Tex.App.—Houston [1st Dist.] 1985, no writ). Because the legislature can, within constitutional bounds, exempt material from discovery, the information sought by the relators is not discoverable. *See Stewart v. McCain*, 575 S.W.2d 509, 510 (Tex.1978).

■ Furthermore, the information sought is neither relevant to the lawsuit nor reasonably calculated to lead to the discovery of material evidence. Tex.R. Civ.P. 166b(2)(a); *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984). The relators assert that the requested information is necessary to prove Houston Cable's intent and bad faith. We are unconvinced by this contention. The fact that Houston Cable may have advocated the passage of a bill at the same time as it was negotiating a series of contracts does not indicate a lack of good faith. As the relators freely admit, lobbying the Texas Legislature is not an illegal act. We fail to see how the disclosure of Houston Cable's possible lobbying activities will in any way help bring rele-

vant evidence before the trier of fact. *Jampole*, 673 S.W.2d at 573.

The relators also contend that Houston Cable waived any assertion of privilege by its late filing of objections to the relators' discovery requests. Houston Cable first raised its claim of privilege in its answers to interrogatories which were filed more than sixty days after being served. The claim of non-relevancy was first raised in Houston Cable's response to the relators' motion to compel production.

While the relators contend these answers were untimely, the record indicates that the relators agreed to give Houston Cable an extra month in which to complete its answers. Furthermore, the trial judge has wide latitude in making decisions concerning discovery, and the judge's decision will not be set aside unless there is a clear showing of abuse of discretion. *Teer v. Duddlesten*, 641 S.W.2d 569, 579 (Tex.App. —Houston [14th Dist.] 1982), *rev'd on other grounds*, 664 S.W.2d 702 (Tex.1984); *A.H. Belo Corp., v. Southern Methodist University*, 734 S.W.2d 720, 724 (Tex.App. —Dallas 1987, no writ). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We hold that Judge Touchy did not abuse his discretion in considering Houston Cable's grounds for the denial of discovery.

The motion for writ of mandamus is denied.