Victor **DELGADO**, Relator,

v.

**The Honorable Oliver S. KITZMAN,
Judge of the 155th District Court
of Austin County, Texas, Respondent.**

No. 01–90–00043–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 1990.

John F. Vecchio, Houston, for relator.

Richard S. Joseph, Jr., Houston, for respondent.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION

SAM BASS, Justice.

Relator, Victor Delgado, sued the real party in interest, Gladwyn Langner, for personal injuries Delgado allegedly suffered in an automobile collision with Langner. Delgado asks that we issue a writ of mandamus ordering the Honorable Oliver S. Kitzman to compel the production of Langner's income tax returns and net worth statements.

Delgado alleges that Langner negligently caused the collision by failing to yield the right of way while making a left turn. He further alleges that Langner has muscular dystrophy and, therefore, was unable to control his car. Delgado claims that "this accident was the result of defendant's conscious indifference to the safety of . . . the plaintiff." Delgado bases his claim for $100,000 in punitive damages on Langner's "conscious indifference."

On October 10, 1989, Delgado requested that Langner produce all his "income tax returns for the last ten years and net worth statements on the issue of punitive damages." On October 13, Langner served objections to Delgado's request, on the grounds that the request invaded his privacy, was beyond the permissible scope of discovery, and was not limited to a reasonable period of time.

Delgado filed a motion to compel production and for sanctions on November 29, 1989. The trial court held a hearing on Delgado's motion on December 5, 1989. On December 19, 1989, Judge Kitzman signed an order denying Delgado's motion to compel production of Langner's net worth statements and income tax returns. The trial court's order recites its finding that Delgado's request "was made for the purpose of harassment." According to the trial court's order, this finding was based on "the pleadings, motions, and . . . arguments of counsel."

■ Information regarding net worth is discoverable in a suit "in which exemplary damages may be recovered." *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex.1988). We have held that the plaintiff seeking production of net worth information must "allege facts showing that relator is liable for punitive damages." *Al Parker Buick v. Touchy*, 788 S.W.2d 129, 131 (Tex.App.—Houston [1st Dist.], 1990, orig. proceeding). Delgado's pleading that Langner was "consciously indifferent" to the safety of others alleges such facts. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex.1983).

Following *Lunsford*, we held that income tax returns and financial statements covering a 10-year period before trial were discoverable. *Miller v. O'Neill*, 775 S.W.2d 56, 59 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). In *Miller*, we specifically held that the real parties in interest, by failing to produce evidence in the trial court, had waived their objections that the relator's discovery requests were "harassing." *Id.; see also Independent Insulating Glass/Southwest, Inc. v. Street*, 722 S.W.2d 798, 802 (Tex.App.—Fort Worth 1987, orig. proceeding).

■ Delgado argues that Langner waived his discovery objections when he offered no evidence at the December 5 hearing. In response, Langner offers three reasons why we should hold that the objections were not waived.

■ Principally, Langner contends that we must presume that Judge Kitzman's ruling was supported by evidence, because Delgado presents no record of the December 5 hearing. This presumption applies only when the trial court actually considers evidence at the hearing on discovery objections. *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex.1988). In *Barnes*, as in our case, the undisputed affidavit of relator's counsel established that no evidence was adduced at a hearing. *Id.* The trial court's order itself recites that the court's finding was based on the pleadings, the motions, and the arguments of counsel. Langner does not claim that he presented any evidence, and *Barnes* bars us from presuming that evidence was produced.

Langner's other two arguments fail because they were not proven in the trial court. First, Langner contends that Judge Kitzman had no duty to conduct an in cam-

era inspection because Langner's discovery objections were not based on a claim of privilege, but on claims of invasion of privacy, and that the requests were not limited to a reasonable period of time. TEX.R. CIV.P. 166b(4). Rule 166b(4) permits the trial court to rule on discovery objections without an in camera inspection when the "basis for objection is ... harassment ... or invasion of personal ... rights, rather than a specific immunity or exemption." Delgado does not complain, however, that the trial court did not conduct an in camera examination; instead, he claims that Langner produced no evidence that his discovery objections were valid. *Miller*, 775 S.W.2d at 59; *Independent Insulating Glass*, 722 S.W.2d at 802.

Second, Langner argues that Delgado's personal injury claim is unlike the "long-term business relationship giving rise to allegations of a breach of fiduciary duty" in *Miller*. In *Miller*, the existence of a long-term business relationship was irrelevant to the only issue now before us— whether discovery can be totally denied. If punitive damages are sought, *Lunsford* holds that such evidence must be disclosed, upon request. 746 S.W.2d at 473.

The trial court abused its discretion by sustaining Langner's discovery objections in the absence of evidence supporting them. Accordingly, we conditionally grant Delgado's petition for writ of mandamus. The writ will issue only if Judge Kitzman fails to vacate that portion of his December 19, 1990, order that denied Delgado's motion to compel.

MIRABAL, J., files a concurring opinion.

MIRABAL, Justice, concurring.

I agree that Delgado is entitled to pretrial discovery of relevant net worth information about Langner. I disagree, however, with the majority's conclusion that Langner *waived his objections* by failing to produce evidence in the trial court.

Delgado filed suit to recover for personal injuries suffered in an April 15, 1985 automobile accident with Langner. Because Delgado alleged facts that, if proven, would show that Langner is liable for punitive damages, Delgado is entitled to discover information regarding Langner's net worth, because such information is relevant to the question of the extent of his ability to pay punitive damages. A defendant's ability to pay bears directly on the question of adequate punishment and deterrence. *Lunsford v. Morris*, 746 S.W.2d 471, 472 (Tex.1988). However, a trial court still has discretion to preclude discovery if a request for production involves "unnecessary harassment or invasion of personal or property rights." *Lunsford* at 473.

Unlike the defendants in two cases relied on by the majority, *Independent Insulating Glass/Southwest, Inc. v. Street*, 722 S.W.2d 798, 802 (Tex.App.—Fort Worth 1987, orig. proceeding), and *Miller v. O'Neill*, 775 S.W.2d 56, 57 (Tex.App.— Houston [1st Dist.] 1989, orig. proceeding), Langner did not object on the grounds that the requested information is unduly burdensome, costly or harassing to produce. Rather, Langner objected on the grounds that the request for production "invades his privacy," "is beyond the scope of permissible discovery," and "is not limited to a reasonable period of time."

In *Miller*, this Court held that financial statements covering a 10–year period before trial were discoverable, but that does not mean 10 years' worth of financial records are *always* discoverable. In response to the defendant's claim that the plaintiff's requests were overbroad in *Miller*, a suit alleging a willful breach of fiduciary duty, we noted that the parties had been partners in a business for 11 years, starting 20 years earlier; the requested financial records could have been relevant to the issue of punitive damages; and, therefore, the absence of evidence to show that the request was overbroad was fatal to the defendant's claim of entitlement to protection.

In my opinion, the present case is more in line with *Inwood West Civic Ass'n v. Touchy*, 754 S.W.2d 276 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding). There, the court held that the trial court

properly sustained the defendant's objections to discovery based on claims of privilege and lack of relevance, even though the defendant presented no evidence substantiating its claims. 754 S.W.2d at 278.

In the present case, the suit arises out of a 1985 automobile accident. There was no "relationship" between Delgado and Langner prior to that time. In my opinion, based on the pleadings alone, the trial court could have concluded, in the proper exercise of its discretion, that Delgado's request for 10 years of Langner's financial records was overbroad, and therefore that it was made for the purpose of harassment.

The problem with the trial court's order in this case is that it protects Langner from having to disclose *any* financial information. In my opinion, the order could have properly limited the required production to financial records covering a period of less than 10 years, based strictly on the record before the court, without the necessity of evidence; however, the court could not properly deny Delgado access to *any* financial information, including that which might reasonably be relevant to Langner's ability to pay punitive damages.

For this reason, I concur in conditionally granting Delgado's petition for writ of mandamus.