NO. 07-04-0455-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 27, 2005

_____

IN RE GARY L. BROWN, M.D., P.A., AND GARY L. BROWN, M.D., RELATORS

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

In this original proceeding, relators Gary L. Brown, M.D., P.A., and Gary L. Brown, M.D. (collectively, "Brown"), defendants in a health care liability claim,[1] seek writ of mandamus directing the trial court to vacate an order granting a 30-day grace period to file an expert report. We conditionally grant the petition.

---

[1]See TEX. REV. CIV. STAT. ANN. art. 4590i (Vernon Supp. 2003). Article 4590i was repealed effective September 1, 2003. Health-care liability claims are now governed by TEX. CIV. PRAC. & REM. CODE ANN. ch. 74 (Vernon Pamph. Supp. 2004). References in this opinion will be to the former statute and its provisions. References to subsections of article 4590i will be by reference to "section __" or "§ __."

BACKGROUND

Real party in interest Adam Fraley filed a health care liability claim against Brown, a urologist, alleging failure to timely diagnose Fraley's testicular cancer. Pursuant to his obligation to file an expert report, Fraley filed a report from Badrinath Konety, M.D. Brown filed a motion to dismiss, asserting that Konety's report was insufficient. In response, Fraley asserted that the report was sufficient, but also filed a motion for a grace period under section 13.01(g) in which he claimed that, if Konety's report was insufficient, then he was entitled to a 30-day grace period because he mistakenly believed that the report satisfied the requirements of section 13.01(r)(6). After hearing, the trial court found Konety's expert report insufficient, granted Fraley's motion for grace period and denied Brown's motion to dismiss.

Referencing Walker v. Gutierrez, 111 S.W.3d 56 (Tex. 2003), In re Rodriguez, 99 S.W.3d 825, 827-28 (Tex.App.–Amarillo 2003, orig. proceeding), and In re Windisch, 138 S.W.3d 507, 510 (Tex.App.–Amarillo 2004, orig. proceeding), Brown asserts that the trial court abused its discretion in granting Fraley a 30-day grace period. Brown prays for issuance of a writ of mandamus directing the trial court to vacate its order granting Fraley a grace period to file an expert report, and to dismiss Fraley's suit with prejudice.

Fraley first urges that mandamus is not appropriate to correct an improper grant of a grace period because an adequate remedy is available by appeal. He also maintains that if Konety's report was not sufficient, the insufficiency was not intentional or the result of

conscious indifference, but was due to an accident or mistake, and the trial court did not abuse its discretion in granting a grace period.

We will address the issues in the order presented by the parties.

## AVAILABILITY OF MANDAMUS

Writ of mandamus is an extraordinary remedy that will issue only (1) to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). A court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A court also abuses its discretion by a clear failure to analyze or apply the law correctly. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

This court has determined that an erroneous grant of a grace period denies a party an adequate remedy by law. See In re Rodriguez, 99 S.W.3d at 827-28; In re Morris, 93 S.W.3d 388, 390 (Tex.App.–Amarillo 2002, orig. proceeding). We continue to adhere to such view. See In re Windisch, 138 S.W.3d at 510. Accordingly, if the trial court abused its discretion in granting the grace period, mandamus is available to remedy the error.

## DID THE EXPERT REPORT OMIT
## REQUIRED ELEMENTS

The trial court found that Konety's report did not adequately address the elements of standard of care and causation. Fraley recognizes that when a health care claim expert

report is inadequate because it omits one or more of the elements required by section 13.01(r)(6), then the assertion that the claimant believed the report to be adequate and that the inadequacy was due to a mistake or accident does not negate a finding of intentional conduct or conscious indifference. See Walker, 111 S.W.3d at 65; Horizon/CMS Healthcare Corp. v. Fischer, 111 S.W.3d 67, 68 (Tex. 2003). However, he attempts to factually distinguish Walker and Horizon/CMS Healthcare Corp. from his situation. Fraley asserts that Konety's report did not omit any of the required elements.

In his report, Konety asserts that he is familiar with the standard of care required of a urologist in evaluation, diagnosis, and treatment of the type of tumor involved in Fraley's case. Konety notes that a sonogram ordered by Brown and taken in April 2002, showed that Fraley had an extratesticular mass with vascularity, Brown's working diagnosis was a benign cholesterol pearl, and Brown decided to observe the mass. At a follow-up interval of one year, the mass had enlarged, was diagnosed as malignant, and was surgically excised. Konety's report then outlines the remainder of Fraley's course of treatment and gives a prognosis.

Konety opines in his report that at the time of the sonogram in April 2002, presence of vascularity within the mass "should have raised reasonable concerns" regarding a possible malignancy. The report also sets out that it would have been "more in keeping with the standard of care" for Brown to have considered either reevaluation after a shorter follow-up period to closely monitor the mass, or to have advised surgical intervention. Konety does not, however, express an opinion in the report that a reasonably prudent urologist would have diagnosed Fraley's testicular mass as a malignancy following the April

2002 consultation, or that certain specific actions or courses of action would have been taken by a reasonably prudent urologist to diagnose Fraley's mass.

It is the substance of the opinions in question, not the technical words used, that determines whether a report complies with statutory mandates. See Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 53 (Tex. 2002). Merely inserting the words "standard of care" in a report, without setting out or describing what actions or courses of action are encompassed within the standard, does not substantively express a standard of care. The conclusion follows that Konety's report omitted the standard of care which § 13.01(r)(6) requires to be included.

Because Koenty's report omitted an element required by the statute, a belief on behalf of Fraley and his attorney that the report complied with the statute is not sufficient to support a finding of accident or mistake. See Walker, 111 S.W.3d at 64-65. Under such circumstances the trial court was not authorized by § 13.01(g) to grant a grace period and abused its discretion in doing so. Id.

Our determination that Konety's report omitted the standard of care obviates the need for us to address whether his report addresses the causation element, as required by § 13.01(r)(6). See TEX. R. APP. P. 47.1.

CONCLUSION

Brown is entitled to the relief sought. We conditionally grant the petition for writ of mandamus. We are confident the trial court will grant the relief to which Brown is entitled

pursuant to § 13.01(e) and this opinion.  We will direct the clerk to issue the writ only in the event the trial court does not do so.


Phil Johnson
Chief Justice