NO. 07-04-0363-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 27, 2005

______________________________

IN RE NORTHWEST TEXAS HEALTHCARE SYSTEM, INC.

AND HARVEY ROSS SHADBOLT, CRNA, RELATORS

_________________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON PETITION FOR WRIT OF MANDAMUS

In this original proceeding, relators Northwest Texas Healthcare System, Inc. and Harvey Ross Shadbolt, C.R.N.A., defendants in a healthcare liability claim,
(footnote: 1) seek writ of mandamus directing the Honorable Don R. Emerson, Repondent, Judge of the 320
th
 District Court, to vacate the order entered by Judge Richard Dambold on June 16, 2004, in which the court abused its discretion by granting real parties in interest an extension of 30 days to file an expert report which meets the requirements of article 4590i and to dismiss the suit.  We conditionally grant the writ.

BACKGROUND

Real parties in interest, Susan Roberts and John R. Roberts, Jr., individually and as next friends of their three minor children (collectively the Roberts), filed a healthcare liability claim against Northwest and Shadbolt.  Pursuant to their obligation to file an expert report, the Roberts filed reports from John Stirling Meyer, M.D., Ralph S. Carungi, D.O., FACS, FOCOS, and Maria O. Scarpelli, R.N.C., C.M.S.R.N.  Northwest and Shadbolt filed motions to dismiss.
(footnote: 2)  In response, the Roberts asserted the reports were sufficient, but filed a motion for a section 13.01(g) grace period claiming that, if the reports were found insufficient, they were entitled to a 30-day grace period because they mistakenly believed that the reports satisfied the requirements of section 13.01(r)(6).  After hearing, the trial court found the reports insufficient, granted the Roberts’ motion for grace period, and denied Northwest’s and Shadbolt’s motions to dismiss.

Northwest and Shadbolt contend the trial court abused its discretion in granting the Roberts a 30-day grace period and pray for issuance of writ of mandamus directing respondent to vacate the order granting the grace period and to dismiss the Roberts’ suit with prejudice.

The Roberts urge mandamus is inappropriate because an adequate remedy is available by appeal.  The Roberts also contend the insufficient reports were not intentional or the result of conscious indifference, but were due to accident or mistake, and the trial court did not abuse its discretion in granting the grace period.

AVAILABILITY OF MANDAMUS

The writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by law.  
See
 Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). 

The Roberts contend that mandamus relief is unavailable to remedy an erroneous grant of a grace period.  In support, the Roberts rely upon inferences presented by the summary denial of mandamus relief in In re Woman’s Hosp. of Texas, Inc., 141 S.W.3d 144 (Tex. 2004).  However, the Court’s summary denial of a petition for writ of mandamus “is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available.”  
See
 In re AIU Ins. Co., 148 S.W.3d 109, 118-19 (Tex. 2004).

This Court has held that an erroneous grant of a section 13.01(g) grace period denies a party an adequate remedy by law.  
See
 In re Rodriguez, 99 S.W.3d 825, 827-28 (Tex.App.–Amarillo 2003, orig. proceeding); In re Morris, 93 S.W.3d 388, 390 (Tex.App.–Amarillo 2002, orig. proceeding).  Pending a definitive ruling from the high court, we continue to adhere to such view.  
See
 In re Windisch, 138 S.W.3d 507, 510 (Tex.App.–Amarillo 2004, orig. proceeding).  Accordingly, if the trial court abused its discretion in granting the grace period, mandamus is available to remedy the error.

ABUSE OF DISCRETION

Article 4590i requires a healthcare liability claimant to provide an expert report that fairly summarizes the expert’s opinions regarding the applicable standard of care, the manner in which the standard was breached, and the causal relationship between the breach and the harm caused.  § 13.01(r)(6).  Each element must be satisfied as to each defendant healthcare provider or the trial court must dismiss the claim.  § 13.01(e).  A claimant that fails to timely file an adequate expert report may obtain a 30-day grace period if the trial court finds that the failure was not intentional or the result of conscious indifference, but was due to accident or mistake.  § 13.01(g).

The purposes of the expert report requirement are to inform the defendant of the specific conduct the plaintiff is challenging and to provide the trial court with a basis to conclude the claim has merit.  American Transitional Care Ctrs. of Texas, Inc. v. Palacios, 46 S.W.3d 873, 879 (Tex. 2001).  The Court has identified two instances when an expert report, on its face, fails to fulfill these purposes: (1) when the report omits one or more of the required elements, and (2) when the report does no more than state the expert’s mere conclusions about the required elements.  
Id
.  In 
Walker
, the Court held that a claimant’s mistaken belief that a report that omits any of the elements was adequate is not a sufficient excuse to negate a finding of intent or conscious indifference nor entitle a claimant to a grace period.  Walker v. Gutierrez, 111 S.W.3d 56, 65 (Tex. 2003).  
See also
 Horizon/CMS Healthcare Corp. v. Fischer, 111 S.W.3d 67, 68 (Tex. 2003).  Likewise, a report is facially insufficient if it does no more than state the expert’s mere conclusions about the elements and a belief that such a report was adequate does not negate a finding of intent or conscious indifference.  As a result, such a belief does not entitle a claimant to a grace period.  
See
 In re Brown, No. 07-04-0455-CV, 2005 WL 176504, at *2 (Tex.App.–Amarillo January 27, 2005, orig. proceeding).

In the present case, the reports, as they relate to Shadbolt, are facially insufficient in that they omit or state mere conclusions about the applicable standard of care, how it was breached, and how such breach caused Susan’s injuries.  Neither Scarpelli nor Carungi address the elements as they specifically relate to Shadbolt or as generally applicable to a nurse anesthetist.  Meyer concludes that Shadbolt’s positioning of Susan’s neck caused her brain herniation and that Shadbolt breached the standard of care by not insisting on emergency surgery.  However, Meyer does not explain how a reasonably prudent nurse anesthetist would have performed the positioning, how Shadbolt’s positioning of Susan’s neck was deficient, or how such positioning caused Susan’s injuries.  Meyer also does not indicate that a reasonably prudent nurse anesthetist has authority to insist on emergency surgery or owes a duty to do so.  We conclude the reports state no more than mere conclusions regarding the required elements as they relate to Shadbolt and the Roberts’ mistaken belief that the reports were sufficient does not negate a finding of intent or conscious indifference.

The reports, as they relate to Northwest, are also facially insufficient because they omit or state mere conclusions about the standard of care, how it was breached by Northwest, and how such breach caused Susan’s injuries.  Meyer does not address any of the required elements as they relate to Northwest or any of its employees.  Carungi opines that the applicable standard of care for the hospital was to timely monitor the status of the cyst, timely and appropriately treat the condition, timely assess Susan’s status, and timely drain the intracranial pressure.  However, Carungi wholly fails to explain how often or how quickly Northwest and its employees should have performed these tasks in order to have done them in a “timely” fashion.  Further, Carungi fails to explain how the actions of Northwest and its employees caused Susan’s injuries.  Scarpelli presents 11 general nursing standards of care.  She concludes that the nurses breached these standards by not being knowledgeable and proficient in the care and assessment of a patient with a neurological condition, failing to adequately and timely perform neurologic status assessments, failing to recognize Susan’s deteriorating condition, and failing to communicate pertinent assessment data to the physicians.  Scarpelli fails to identify any of the facts relevant to the applicable standard nor does she explain how variance in the facts would alter the standard.  We fail to see how Scarpelli gives any guidance as to the applicable standard of nursing care, how it was breached or how such a breach caused Susan’s injuries when she wholly fails to apply her general discussion of the required elements to the relevant facts of this case.
(footnote: 3)  We conclude the reports state no more than mere conclusions regarding the required elements as they relate to Northwest.

As the reports either omit or do no more than state the experts’ mere conclusions about the elements required in an expert report, the Roberts’ belief that the reports complied with the statute will not support a finding of accident or mistake.  
See Walker
, 111 S.W.3d at 64-65; 
In re Brown
, 2005 WL 176504, at *2.  Under such circumstances, the trial court was not authorized by section 13.01(g) to grant a grace period and abused its discretion in doing so.  
See Walker
, 111 S.W.3d at 65; 
In re Brown
, 2005 WL 176504, at *2.  Therefore, we conditionally grant the writ of mandamus.

CONCLUSION

Shadbolt and Northwest are entitled to the relief sought.  We conditionally grant the writ of mandamus.  We are confident the trial court will grant the relief required by section 13.01(e) and this opinion.  We will direct the clerk to issue the writ only in the event  the trial court fails to grant the relief. 

Per Curiam

Johnson, C.J., not participating.

FOOTNOTES
1:
Repealed by
 Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-74.507 (Vernon Pamph. Supp. 2004-05).  References to subsections of article 4590i will be by reference to “section __” or “§ __.”

2:
Shadbolt filed an Objection to Adequacy of Plaintiff’s Expert Report.  The trial court’s order stated that it considered this motion a motion to dismiss.  The Roberts have raised no objection to this ruling.

3:
“[T]o conform to the dictates of 
Palacios
, the report must contain a description of the circumstances confronting the doctor and which purportedly obligated him to respond in a particular manner. Kirksey v. Marupudi, No. 07-03-0076-CV, 2003 WL 23096028, *3 (Tex.App.–Amarillo Dec. 30, 2003, no pet. h.). Without them, no one can determine how a reasonable physician would have acted or whether the conduct actually undertaken caused any injury.”  
Id
.