MEMORANDUM OPINION


No. 04-05-00037-CV

Timothy M. GEREB and Barbara A. Gereb, Individually
and as Next Friends of their Minor Daughter, Daniella Nicole Gereb,
Appellants

v.

Daniel J. SEDILLO, M.D., Michael B. Wilson, M.D., and 
Children’s Hospital Intensive Care Associates,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-17324
Honorable Rebecca Simmons,


 Judge Presiding
 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Sarah B. Duncan, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   February 22, 2006

AFFIRMED
            Timothy M. Gereb and Barbara A. Gereb, individually and as next friends of their minor
daughter, Daniella Nicole Gereb, appeal the trial court’s judgment dismissing their medical
malpractice claims against the appellees. We affirm the trial court’s judgment.
Factual and Procedural Background
            Daniella was born four weeks premature and suffered from serious medical problems that
required her hospitalization at various facilities. During her hospitalization at Methodist Children’s
Hospital of South Texas, her left leg was amputated below the knee. Alleging that Daniella’s leg
would not have required amputation had the defendants not been negligent first in perforating
Daniella’s bowel by their placement and monitoring of a feeding tube and later in recognizing and
responding to Daniella’s worsening medical condition as a result of the perforation, the Gerebs sued
the hospital, two nurses, Drs. Daniel J. Sedillo and Michael B. Wilson, and Children’s Hospital
Intensive Care Associates. As required by article 4590i of the Medical Liability and Insurance
Improvement Act,


 the Gerebs provided the defendants with an expert report authored by Alan D.
Bedrick, M.D. Shortly thereafter, the appellees filed a motion to dismiss arguing that Bedrick’s
report was inadequate. The Gerebs responded and, in the alternative, moved for a thirty-day grace
period. The trial court dismissed the Gerebs’ suit, denied their request for a thirty-day grace period,
and subsequently severed the claims against the appellees from those against the remaining
defendants. This appeal followed. 
Discussion
            1.         The Gerebs first argue the trial court abused its discretion in dismissing their lawsuit
for failing to provide an expert report because Bedrick’s report constitutes a good-faith effort to
comply with the requirements of article 4590i. We disagree.
            In deciding the adequacy of an expert report, “[t]he issue for the trial court is whether ‘the
report’ represents a good-faith effort to comply with the statutory definition of an expert report.” Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). “That definition
requires, as to each defendant, a fair summary of the expert’s opinions about the applicable standard
of care, the manner in which the care failed to meet that standard, and the causal relationship
between that failure and the claimed injury.” Id. In deciding whether a report represents a good-faith
effort to comply with the statutory definition of an expert report, “a trial court should look no further
than the report.” Id. On appeal, the trial court’s determination is subject to an abuse-of-discretion
standard. Id.
            Bedrick’s report fails to constitute a good-faith effort to comply with the statutory definition
of an expert report. Although it globally opines that “[t]he doctors, nurses and hospital were each
subject to an independent responsibility to correct the improper location of the [feeding] tube and
to prevent or limit damage to the patient” and “the individuals identified as parties in the lawsuit
provided medical care that fell below the standard of care in the ongoing evaluation and management
of Daniella,” it fails to identify any defendant sued and therefore necessarily fails to discuss the
standard of care, breach, and causation applicable to each defendant. Indeed, the closest Bedrick’s
report comes to articulating a standard of care attributable to one of the appellees is the statement
that “Daniella’s attending physician also has a responsibility to review the [radiographs showing the
feeding tube] in a prompt and timely fashion;” however, the report does not even identify the
attending physician.
            In reliance upon Paslay v. Prigoff, No. 05-99-01236-CV, 2001 WL 637819 (Tex.
App.–Dallas June 11, 2001, pet. denied) (not designated for publication), the Gerebs argue that the
general references in Bedrick’s report to the healthcare professionals, coupled with their
identification in the lawsuit, “left little room for doubt as to who was being sued.” See id. at *3.
However, identification of the defendants was the function of the petition, not the expert report. The
function of the expert report is to “inform the defendant of the specific conduct the plaintiff has
called into question” and “provide a basis for the trial court to conclude that the claims have merit.”
Am. Transitional, 46 S.W.3d at 879. Accordingly, the Supreme Court of Texas has expressly held
that the report must, “as to each defendant, [provide] a fair summary of the expert’s opinions about
the applicable standard of care, the manner in which the care failed to meet that standard, and the
causal relationship between that failure and the claimed injury.” Id. at 878; see also Taylor v.
Christus Spohn Health Sys. Corp., 169 S.W.3d 241, 244 (Tex. App.–Corpus Christi 2004, no pet.)
(collecting cases). Because Bedrick’s report fails to meet this standard, we hold the trial court did
not abuse its discretion in concluding Bedrick’s report does not represent a good faith effort to
comply with the statutory definition of an expert report.
            2.         The Gerebs next argue the trial court abused its discretion in failing to grant them a
thirty-day grace period in which to file an amended report because their attorney established that his
failure to file an adequate report was neither intentional nor the result of conscious indifference but 
the result of a mistake of law – his erroneous belief that the report was adequate. We again disagree.
“An attorney’s mistaken belief that an expert report satisfies [article 4590i’s] requirements is not the
type of mistake of law that will negate conscious indifference or intentional conduct and entitle a
claimant to a [thirty-day] grace period.” Hutchinson v. Montemayor, 144 S.W.3d 614, 619 (Tex.
App.–San Antonio 2004, no pet.) (citing Walker v. Gutierrez, 111 S.W.3d 56, 64-65 (Tex. 2003)).
            In reliance upon In re Zimmerman, 148 S.W.3d 214, 217 (Tex. App.–Texarkana 2004, orig.
proceeding), the Gerebs argue the trial court was not obligated to follow Walker and its progeny
because their expert report did not omit a required element but was merely inadequate. However, a
report that “[m]erely insert[s] the words ‘standard of care’ ... without setting out or describing what
actions or courses of action are encompassed within the standard [applicable to each named
defendant], does not substantively express a standard of care” and thus “omit[s] the standard of care
which [article 4590i,] § 13.01(r)(6) requires to be included.” In re Brown, No. 07-04-0455-CV, 2005
WL 176504, at *2 (Tex. App.–Amarillo 2005, Jan. 27, 2005, orig. proceeding). Therefore, pursuant
to Walker, we hold that, “[b]ecause [Bedrick’s] report omitted an element required by the statute,
a belief on behalf of [the Gerebs’ attorney] that the report complied with the statute is not sufficient
to support a finding of accident or mistake.” In re Brown, 2005 WL 176504 at *2.
            3.         Finally, the Gerebs argue the trial court abused its discretion in severing their claims
against the appellees from their claims against the other defendants because the causes of action
against all the defendants are so interwoven that severance is unjust, prejudicial, and inconvenient.
However, to complain of the severance on appeal, the Gerebs must have objected to the severance
in the trial court. See Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, 78 (1959) (“Defendant did
not object to the severance, and is therefore not in position to complain of a mere error in granting
the same.”); see also Tex. R. App. P. 33.1. The record does not reveal that the Gerebs did so.
Accordingly, the Gerebs waived this complaint. 
            The trial court’s judgment is affirmed.
 
Sarah B. Duncan, Justice