NO. 07-08-0318-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 11, 2008

_____

IN RE: TOMMY MANION AND TOMMY MANION OF TEXAS, INC., RELATORS

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relators, Tommy Manion and Tommy Manion of Texas, Inc., (collectively referred to as Manion) have filed a petition for writ of mandamus alleging an abuse of discretion by the trial court in the signing of a discovery order granting the motion of real parties-in-interest, Bill Freeman, Bill Freeman, Inc., and Jill Freeman (collectively referred to as Freeman) to compel Manion to produce certain financial documents. On Manion's motion, we temporarily stayed the trial court's order requiring production. Subsequently, Freeman filed an Emergency Motion for Stay of Underlying Proceedings. Having considered the record, we deny mandamus relief, vacate our stay order, and declare Freeman's Emergency Motion for Stay of Underlying Proceedings moot.

## Background

The underlying suit involves multiple claims and counterclaims stemming from the alleged breach of a syndication agreement related to the care and breeding of an American Quarter Horse stallion. Manion and Freeman have sued each other alleging breach of contract and a variety of torts including breach of fiduciary duty. Manion also seeks a declaration that the syndicate is not a partnership or other joint business arrangement.

On May 20, 2008, Freeman served a request for production of documents seeking Manion's personal financial information from January 1, 2000 to date. The request sought documents related to Manion's sale and purchase of breeding contracts, transfers of funds between bank accounts, and payment of bills and expenses for certain horses. The types of documents sought were contracts, agreements, checks, deposit slips, financial materials, bank statements, bills, requests for payments of costs and expenses, payment checks, drafts, deposit slips, and loan documents. On June 10, Freeman served a subpoena duces tecum and notice of deposition requesting Manion's financial records from Security Bank of Whitesboro. The subpoena duces tecum sought account records, bank statements, signature cards, canceled checks, loan files, and financial statements.

On June 27, Manion moved to quash the subpoena and sought a protective order. Freeman subsequently filed a motion to compel production. In support of his motion to compel, Freeman asserted the documents were relevant to a claim that Manion breached his fiduciary duties as Stallion Manager and Co-Manager by purchasing syndicate-owned

breeding contracts at below market prices and then marking up the contracts for resale, selling his personal breeding contracts when he was obligated to sell syndicate-owned contracts, breeding stallions without contracts, and improperly appropriating Freeman's customers.[1] Manion responded that the documents were irrelevant and Freeman's request was overly broad as to scope and time, unduly burdensome, and would require the production of private and confidential information. On July 17, the trial court held a hearing on Freeman's motion to compel production and granted Freeman's motion ordering the production of Manion's financial records.

On July 31, Manion requested that we issue a writ of mandamus ordering the trial court to vacate its order compelling production. On August 1, this Court granted Manion's motion for an emergency stay of the trial court's discovery order. On September 5, Freeman filed an emergency motion to stay the underlying action in the trial court.

**Discussion**

Mandamus relief is appropriate only if the trial court abused its discretion or violated a legal duty, and there is no adequate remedy at law. *In re Dana Corp.*, 138 S.W.3d 298,

---

[1]On August 13, 2008, Freeman filed his Fourth Amended Consolidated Counterclaim asserting actions for Breach of Fiduciary Duty against Manion for, among other things, selling his breeding rights at higher prices than those breeding rights allocated for the syndicate's use and using his position as Stallion Manager to solicit Freeman's customers and sell breeding rights to such customers thereby depriving Freeman of the opportunity to sell his breeding rights to the customers. Freeman also amended his petition to allege exemplary damages.

301 (Tex. 2004) (orig. proceeding); *In re Covenant Health System*, 223 S.W.3d 423, 425 (Tex.App.–Amarillo 2006, orig. proceeding). A court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules and principles. *In re Brown*, 190 S.W.3d 4, 6 (Tex.App.–Amarillo 2005, orig. proceeding). While factual matters are committed to the trial court's discretion, *In re Shipman*, 68 S.W.3d 815, 818-19 (Tex.App.–Amarillo 2001, orig. proceeding), our review of the trial court's determination of controlling legal principles is entitled to much less deference. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). In our analysis, we "must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial error of law.'" *Shipman*, 68 S.W.3d at 819 (quoting *In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998)).

The scope of discovery is largely within the trial court's discretion, *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding), however, mandamus is appropriate if we conclude that privileged documents have been improperly ordered disclosed by the trial court. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 436 (Tex. 2007). That said, the relator must establish that the facts and law permit the trial court to make but one decision. *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 466 (Tex.App.–Amarillo 2001, orig. proceeding) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). "This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion." *Johnson,* 700 S.W.2d at 917.

4

Manion offers no evidence as to why the production of his financial documents are privileged or exempted from discovery. Instead, he points to the pleadings to support his claims that production of his financial records violate his right to privacy and are confidential, unrelated in time to the underlying litigation, and irrelevant to the claims in the suit.

The general rule in financial records production cases is that the party attempting to prevent or restrict discovery has the burden of pleading and proving the basis for the desired limitation. *In re Patel,* 218 S.W.3d 911, 915 (Tex.App.–Corpus Christi 2007, orig. proceeding) (citing *Peeples v. Honorable Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex. 1985) (orig. proceeding)); *Kern v. Gleason*, 840 S.W.2d 730, 735-37 (Tex.App.–Amarillo 1992, orig. proceeding). Absent a privilege or specific exception, a party is entitled to discover any relevant material. *Id.* at 736. There are no presumptions of privilege. *El Centro Del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 778-79 (Tex.App.–San Antonio 1994, no writ). Manion cites no authority in support of an asserted constitutional right to privacy, and it has previously been determined there is no constitutionally protected privacy right in one's personal financial records. *Martin v. Darnell,* 960 S.W.2d 838, 844-45 (Tex.App.–Amarillo 1997, no writ); *Miller v. O'Neill,* 775 S.W.2d 56, 59 (Tex.App.–Houston [1st Dist.] 1989, no writ) ("[T]he supreme court has allowed such discovery, despite the inevitable intrusion."). Moreover, counsel's conclusory assertions alone fail to establish that Manion's financial documents may not be produced because they are confidential or privileged. *Kern*, 840 S.W.2d at 734 (statements of counsel are not evidence).

Accordingly, the record contains no evidence on which to exclude the documents from discovery because they are confidential or privileged.

Manion also bears the burden of proving that Freeman's requests were overbroad, *i.e.* unrelated in time to the litigation. *Miller,* 775 S.W.2d at 59. Freeman's amended petition alleges, among other things, that Manion breached fiduciary duties by using his position as Stallion Manager to undercut sales of the syndicate's breeding contracts and Freeman's commercial relationship with his customers in order to increase Manion's profit from his breeding operations. Freeman also alleges Manion served as Stallion Manager from 1983 until the present. Therefore, the record does not support a conclusion that the trial court abused its discretion by ordering the discovery of Manion's financial documents from 2000 to the present.

Manion's financial documents are also relevant to Freeman's underlying action. Freeman's third amended petition alleges Manion misused his position as a Stallion Manager for financial gain in violation of his fiduciary duties. Consequently, Manion's financial information for the period he served as Stallion Manager is relevant and discoverable. *See generally El Centro*, 894 S.W.2d at 781-82. Once again, the record fails to establish any basis on which to exclude these documents from discovery.[2]

---

[2]Although Manion also contends that responding to Freeman's discovery requests will involve the expenditure of "significant financial and physical resources," he offers no evidence in support of this contention. On the other hand, Freeman offered evidence indicating the Bank could timely produce Manion's responsive bank records at a cost of $650.00 and Freeman was willing to pay the costs.

## CONCLUSION

Having determined that the trial court did not abuse its discretion in ordering discovery, we deny mandamus relief, vacate our stay order, and declare Freeman's Emergency Motion for Stay of Underlying Proceedings filed September 5, 2008, moot.


Patrick A. Pirtle
Justice